UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23CR00547 RWS |
| | ) | |
| RAVEN AINESIS POINTER, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' SENTENCING MEMORADUM

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Tiffany G. Becker, Assistant United States Attorney for said District, and requests the Court reject defendant Pointer's request for a sentence of 240 months, and instead sentence defendant to 300 months. This sentence is five years below the advisory guideline sentence of 360 months and is sufficient, but not greater than necessary to satisfy the statutory aims of sentencing.

## Sentencing Factors

As the Court is well aware, Title 18, United States Code, Section 3553(a) provides that prior to determining the sentence to be imposed, this Court must consider:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

1

3) the kinds of sentences available;

4) the kinds of sentences and the sentencing range established for—
   (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...

5) any pertinent policy statement ---
   (A) issued by the Sentencing Commission...

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

18 U.S.C. §3553(a).

*The Nature & Circumstances of the Offense*

It is difficult to contemplate more serious conduct than sexually abusing of one's own two-year-old child, videotaping that abuse and sharing it with others for their perverse sexual edification. Defendant did this not once, but six times. It is hard to fathom the amount of damage defendant has inflicted on her daughter. This toddler suffered abuse by the person in the world she should most be able to trust.

Also intensely troubling is defendant's behavior while incarcerated. She continued to contact her child, the victim of her abuse. Additionally, she berated the child's father for requesting restitution for defendant's crimes. Far from accepting responsibility, defendant appears to blame others for her situation.

*Defendant's History and Characteristics*

Defendant's lack of criminal history and mitigation cited in her sentencing memorandum are adequately reflected in the recommendation for a 60-month downward variance from the range. These factors do not warrant a further reduction.

*Other Statutory Considerations*

While recognizing defendant's individual circumstances, the Court must also consider the need for the sentence to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. A sentence five years below the guideline range would achieve these aims and similarly avoid the need to avoid unwarranted sentencing disparities between similarly situated defendants.

*Restitution*

In addition to the request for a custodial sentence, the United States also seeks restitution in the amount of $15,000 to be paid to the victim in this case. As set forth in the officer revised final presentence investigation report, the victim's father has requested restitution in the amount of $15,000 for various expenses. Counsel for the United States has spoken to defense counsel who does not dispute that the two-year-old victim in this case has and will suffer losses in the amount of at least $15,000. Accordingly, the parties are in agreement that the Court should order defendant to pay restitution to the victim in that amount.

WHEREFORE, the United States respectfully requests the Court sentence defendant to no lower than 300 months' imprisonment and be ordered to pay the victim $15,000 in restitution.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Tiffany G. Becker*
TIFFANY G. BECKER, #46314MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
tiffany.becker@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 5, 2025, a true and accurate copy of this document was filed with the Court's electronic file-management system for service upon all counsel of record.

*/s/ Tiffany G. Becker*
TIFFANY G. BECKER, #46314MO
Assistant United States Attorney